**In the Matter of John W. BRISTOW, Debtor.**

**Johnnie Wayne BRISTOW, Administrator of the Estate of John William Bristow, Appellant,**

v.

**CONAGRA, INC., Appellee.**

**No. 88–4669.**

United States Court of Appeals, Fifth Circuit.

August 7, 1989.
Rehearing Denied Sept. 5, 1989.

**152**

P.J. Townsend, Jr., Drew, Miss., Chapman & Heaton, Ralph E. Chapman, Clarksdale, Miss., for appellant.

W. Wayne Drinkwater, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for appellee.

Before GEE, GARZA and JONES, Circuit Judges.

GEE, Circuit Judge:

*Facts*

Plaintiff-appellant John W. Bristow, now deceased, owned a 314 acre tract of land in Grenada County, Mississippi. The land was used for growing crops, but Bristow decided to build ponds on the land to raise catfish. Although he did not live on the tract, Bristow apparently knew that the land was prone to flooding.

Bristow talked with Paul Barrett and Sam Hinote, representatives of Conagra, about their leasing the land after catfish ponds were built on it. Barrett inspected the land and noticed that it was low-lying and could be reached in all weathers only by a county-owned gravel road, although another was available in dry conditions.

Barrett and Bristow discussed a possible lease, and Bristow gave assurances that the county was going to elevate the road to provide reliable, year-round access to the property. An agreement signed on March 26, 1980 was sent to Conagra's home office in Omaha for approval. While waiting for approval from the home office, Barrett learned that the county lacked the funds to elevate the road and informed Bristow that access had to be assured before he could enter an agreement.

To meet Barrett's requirements, Bristow signed an addendum to the contract which guaranteed year-round access to the property for Conagra's heavy equipment. Bristow also promised to make modifications to the access roads so that they would not flood. The addendum was executed on April 19, 1980. Bristow testified in deposition that he had started construction on the ponds before the addendum was presented to him at the work site by Alan Yeager, Conagra's area farm manager. Yeager denied that he had taken the addendum to Bristow.

In any event, the catfish ponds were built and Conagra took possession in October 1980, although Bristow had not yet brought the roads into compliance with the addendum. Predictably, a great rainfall caused flooding; and the court stated that Conagra was denied full access to the property for most of a six-month period extending through the spring of 1983. Feed trucks and pickups were unable to get to the property, and harvesting of the fish was interrupted.

Despite repeated demands by Conagra, Bristow did nothing to elevate the access road. Alan Yeager recommended to the home office that they terminate the contract. They followed his advice.

Conagra filed a declaratory judgment action against Bristow in the same district court, but the action was stayed because Bristow declared bankruptcy. The trial court applied the standard set out in *Boe-*

*ing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969) in granting Conagra's motion for a directed verdict. Bristow's administrator has appealed from this ruling.

### Analysis

The sole issue on appeal is whether the trial judge properly took the case from the jury in granting the defendant Conagra's motion for a directed verdict. The standard applied by the court in evaluating the motion is set forth in *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969), which states in relevant part:

On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. *If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper.* On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.

*Id.* at 374 (emphasis added).

Testimony at trial showed that the property could be reached by two roads, one from the north and one from the south. The northern road, however, is owned by the county and had weight limits that would not allow Conagra to travel the road with fully loaded trucks. There was evidence that the northern road was always open for Conagra. Conagra did use the county road when the southern road was impassable. The record contains several letters from the county seeking payment from Conagra for damages to the county's road caused by the large trucks the company used to gain access to the leased property. Conagra, in turn, sought reimbursement from Bristow for these expenses, since he was responsible for providing access to the property under the addendum to the lease.

Section 4 of the addendum, which addresses the lessor's contractual obligation to provide access, states:

4. Lessor guarantees to provide year around access to the property for Lessee's heavy equipment such as live haul trucks, farm tractors, pickups, etc., and warrants that he will make such modifications to access roads as required to provide this year around access, including raising roads to an elevation that will not flood, placing of gravel on road, placing of culverts, etc.

Although the record contains evidence that the flood was the result of an unusually large amount of rain, Conagra specifically addressed the flooding issue in the contract because of its concerns about the property's propensity for flooding. In response, Bristow took on the obligation to provide access; and he is not relieved of that responsibility because the concerns about flooding proved to be well-founded.

The district court stated that Bristow made no attempt to correct the access problem after Conagra notified him of flooding, which impeded access for a period of six months. At trial, evidence was presented that Bristow approached the county Board of Supervisors to repair the road. The record indicates, however, that repairs were made only on the county road, which were required because access through the lessor's road was impaired. On the basis of all the evidence, it is clear that the directed verdict in favor of Conagra was proper; and the ruling is

AFFIRMED.